## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JOSH CARMONA A/K/A CRISCO KID,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:17-cv-3110** |
| | § | |
| **CUMULUS MEDIA, INC. A/K/A,** | § | |
| **CUMULUS RADIO CORP., INC. AND** | § | |
| **DUSTIN "KROSS" KRAMMERER,** | § | |
| | § | |
| **Defendants.** | § | |

### <u>DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT</u>

Gavin Martinson
State Bar No. 24060231
Gavin.Martinson@ogletreedeakins.com
Jeff T. Leslie
State Bar No. 24091294
Jeff.Leslie@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8117 Preston Road, Suite 500
Dallas, TX 75225-4324
Telephone: 214-987-3800
Facsimile:  214-987-3927

**ATTORNEYS FOR DEFENDANT**

# TABLE OF CONTENTS

Page

I.  INTRODUCTION .................................................................................................. 1

II.  STANDARD FOR DISMISSAL .......................................................................... 3

III.  ARGUMENT AND ANALYSIS .......................................................................... 4

    A.  The Court should dismiss Plaintiff's race discrimination and retaliation claims under the TCHRA. .................................................................................. 4

    1.  Plaintiff failed to exhaust his administrative remedies regarding his race discrimination and retaliation claims. .................................................. 4

        a.  The Court should dismiss Plaintiff's race discrimination claim. ...................... 6

        b.  The Court should dismiss Plaintiff's retaliation claim. ..................................... 6

        c.  Plaintiff cannot cure the fatally deficient TCHRA claims. ............................... 7

    2.  The Court should dismiss Plaintiff's TCHRA claims against improperly-joined-Defendant Krammerer because TCHRA does not support claims against individual supervisors. ............................................................................ 8

    B.  The Court should dismiss Plaintiff's claims for intentional infliction of emotional distress Defendants. ............................................................................................ 9

    1.  Plaintiff's IIED claim invokes same facts as underlying statutory claims. ......... 10

    2.  Plaintiff cannot maintain an IIED claim against his former supervisor. ............. 11

    C.  The Court should dismiss Plaintiff's tortious interference claims against Krammerer. ........................................................................................................ 12

IV.  CONCLUSION ................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Am. Med. Int'l, Inc. v. Giurintiano*,
   821 S.W.2d 331 (Tex. App.—Houston [14th Dist.] 1991, no writ) ..................... 13, 14

*Adrain v. Genetec Inc.*,
   No. 2:08-CV-423, 2009 WL 3161386, at *3 (E.D.Tex. Sept. 30, 2009).............. 13, 14

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ....................................................................................... 4

*Barrera-Montenegro v. United States*,
   74 F.3d 657, 659 (5th Cir. 1996) ................................................................... 3

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ....................................................................................... 4

*Benavides v. Moore*,
   848 S.W.2d 190 (Tex. App.—Corpus Christi 1992, writ denied) ................................ 8

*Blanchet v. Chevron/Texaco Corp.*,
   368 F. Supp. 2d 589 (E. D. Tex. 2004) ........................................................... 3

*Bouvier v. Northrup Grumman Ship Systems, Inc.*,
   350 F. App'x 917 (5th Cir. 2009) ................................................................... 5, 7

*Carter v. Target Corp.*,
   541 F. App'x 413 (5th Cir. 2013) ................................................................... 3, 4

*CF & I Steel Corp. v. Pete Sublett & Co.*,
   623 S.W.2d 709 (Tex. Civ. App.—Houston [1st Dist.] 1981, writ ref's
   n.r.e.) .......................................................................................................... 14

*Cinel v. Connick*,
   15 F.3d 1338, 1343 n. 6 (5th Cir. 1994) ........................................................ 3

*City of Austin v. Gifford*,
   824 S.W.2d 735 (Tex. 1992).......................................................................... 8

*Collins v. Morgan Stanley Dean Witter*,
   224 F.3d 496 (5th Cir. 2000) ........................................................................ 3

*Crawford v. Charles Schwab & Co.*,
2009 WL 3573658 (N.D. Tex. Oct. 30, 2009) ............................................................ 14

*Creditwatch v. Jackson*,
157 S.W.3d 814 (Tex. 2005) .......................................................................... 9, 11, 12

*Den Norske Stats Oljeselskap As v. HeereMac V.O.F.*,
241 F.3d 420 (5th Cir. 2001), *cert. denied*, 534 U.S. 1127 (2002) ................................ 3

*DeSola v. Mednax, Inc.*,
No. 4:16-CV-750-A, 2016 WL 5080090 (N.D. Tex. Sept. 16, 2016) ......................... 8

*Elgaghil v. Tarrant County Junior College*,
45 S.W.3d 133, 141 (Tex. App.—Fort Worth 2000, pet. denied) ................................ 5

*Ellis v. Educational Com'n for Foreign Medical Graduates*,
No. Civ. Action H-14-2126, 2015 WL 3866728 (S.D. Tex. June 23,
2015) ................................................................................................................ 5

*Fine v. GAF Chem. Corp.*,
995 F.2d 576 (5th Cir. 1993) ...................................................................................... 6

*Frazier v. Sabine River Auth. La.*,
509 F. App'x (5th Cir. 2013) (per curiam) ................................................................ 7

*Hernandez v. Belt Con Const., Inc.*,
No. EP-15-CV-00153-FM, 2015 WL 5542502 (W.D. Tex. Sept. 18,
2015) ................................................................................................................ 5

*Hoffman-La-Roche, Inc. v. Zeltwanger*,
144 S.W.3d 438 (Tex. 2004) .............................................................................. 9, 12

*Holloway v. Skinner*,
898 S.W.2d 793 (Tex. 1995) ................................................................................... 14

*Home Builders Ass'n v. City of Madison*,
143 F.3d 1006, 1010 (5th Cir. 1998) ......................................................................... 3

*Jackson v. Assocs. Credit Card Servs., Inc.*,
2002 WL 742602 (N.D. Tex. Apr. 25, 2002) .............................................................. 8

*Jenkins v. Guardian Indus. Corp.*,
16 S.W.3d 431 (Tex. App.—Waco 2000, writ denied) ................................................. 8

*Judy Chou Chiung–Yu Wang v. Prudential Ins. Co.*,
439 F. App'x 359 (5th Cir. 2011) .............................................................................. 10

*King v. Life Sch.*,
809 F. Supp. 2d 572 (N.D. Tex. 2011) ........................................................................ 3

*Lavigne v. Cajun Deep Foundations, L.L.C.*,
654 F. App'x 640 (5th Cir. 2016) ................................................................................ 5

*Luna v. Lockheed Martin Corp.*,
54 F. App'x 404 (5th Cir. 2002) .................................................................................. 6

*Manning v. Chevron Chemical Co., LLC*,
332 F.3d 874 (5th Cir. 2003) ...................................................................................... 5

*McClain v. Lufkin Indus., Inc.*,
519 F.3d 264 (5th Cir. 2008) ...................................................................................... 5

*McGowan & Co., Inc. v. Bogan*,
93 F.Supp.3d 624, 655 (S.D. Tex. 2015) .................................................................. 13

*Medina v. Ramsey Steel Co., Inc.*,
238 F3d 674 (5th Cir. 2001) ........................................................................................ 8

*Mercer v. Arbor E & T*,
2012 WL 1425133 (S.D. Tex. Apr. 21, 2012) .......................................................... 11

*Mumfrey v. CVS Pharmacy, Inc.*,
719 F.3d 392 (5th Cir. 2013) .................................................................................... 13

*Muniz v. El Paso Marriott*,
2009 WL 4878619 (W.D. Tex. Dec. 8, 2009) ..................................................... 10, 11

*Patt v. Sweetheart Cup*,
46 F. App'x 225 (5th Cir. 2002) .................................................................................. 6

*Paula Longoria v. City of Dallas, Texas*,
No. 3:14-CV-3111-L, 2017 WL 958605 (N.D. Tex. Mar. 13, 2017) ........................... 9

*Pegram v. Honeywell, Inc.*,
361 F.3d 272 (5th Cir. 2004) ...................................................................................... 7

*Phillips v. United Parcel Serv.*,
2011 WL 2680725 (N.D. Tex. June 21, 2011) ..................................................... 10, 12

*Powell Indus., Inc. v. Allen*,
985 S.W.2d 455 (Tex. 1998) ................................................................................. 12, 13

*Prewitt v. Cont'l Auto.*,
927 F. Supp. 2d 435 (W.D. Tex. 2013) ........................................................................ 3

*Pruitt v. Int'l Ass'n of Fire Fighters*,
366 S.W.3d 740 (Tex. App.—Texarkana 2012, no pet.) ............................................ 10

*Rawlings v. Travelers Prop. Cas. Ins. Co.*,
2008 WL 2115606 (N.D. Tex. May 20, 2008) .................................................... 11, 12

*Sibley v. Kaiser Found. Health Plan*,
998 S.W.2d, 399, 405 (Tex. App.—Texarkana 1999, no writ) ................................... 8

*Spivey v. Robertson*,
197 F.3d 772 (5th Cir. 1999) ...................................................................................... 4

*Standard Fruit & Vegetable Co. v. Johnson*,
985 S.W.2d 62 (Tex. 1998) ......................................................................................... 9

*Swafford v. Bank of Am. Corp.*,
401 F. Supp. 2d 761 (S.D. Tex. 2005) .................................................................. 10, 12

*Waffle House, Inc. v. Williams*,
313 S.W.3d 796, 804 (Tex. 2010) ................................................................................ 5

*University of Texas v. Poindexter*,
306 S.W.3d 798, 807 (Tex. App. – Austin 2009, no pet.) ........................................... 5

*Williams v. Merck & Co.*,
381 F. App'x 438 (5th Cir. 2010) ................................................................................ 8

*Zeltwanger*,
144 S.W.3d. at 447 ....................................................................................................... 9

**Statutes**

Title VII of the Civil Rights Act of 1964 ......................................................................... 2

Texas Labor Code (the "TCHRA") ......................................................................... *passim*

Tex. Lab. Code 21.001 *et seq.* ...................................................................................... 4

Tex. Lab. Code § 21.202 ................................................................................................. 5

Chapter 21 of Texas Labor Code ................................................................................ 5, 10

**Federal Rules**

FED. R. CIV. P. 12(b)(1) ..................................................................................................... 1, 3

FED. R. CIV. P. 12(b)(6) .................................................................................................. 1, 3, 4

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSH CARMONA A/K/A CRISCO KID, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:17-cv-3110 |
| | § | |
| CUMULUS MEDIA, INC. A/K/A, | § | |
| CUMULUS RADIO CORP., INC. AND | § | |
| DUSTIN "KROSS" KRAMMERER, | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT

COME NOW Defendants Cumulus Radio Corporation. (improperly named as Cumulus Media, Inc. a/k/a Cumulus Radio Corp., Inc.) ("Company") and Dustin "Kross" Krammerer ("Krammerer") (collectively, "Defendants") and respectfully submit their Motion to Dismiss and Brief in Support pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## I.    INTRODUCTION[1]

Josh Carmona a/k/a Crisco Kid ("Plaintiff") was an employee of Company who worked at KLIF-FM until April 15, 2016. *See* Plaintiff's Original Petition at ¶ 9.  In his Original Petition, Plaintiff asserts the following claims:  (1) race discrimination for wrongful termination pursuant to the Texas Labor Code (the "TCHRA") against Defendants; (2) retaliation pursuant to the TCHRA against Defendants; (3) intentional infliction of emotional distress against Defendants; (4) breach of contract against the Company; (5) tortious interference with contract against Krammerer; and (6) tortious inference with existing business relations against Krammerer.  *Id.* at ¶¶ 20-56.  Defendants removed the case to this Court on November 10, 2017, and Defendants

---

[1] Defendants rely herein on Plaintiff's factual allegations in the Original Petition, accepting them as true only for purposes of this Motion.

now move to dismiss all of Plaintiff's claims against Krammerer and all claims against the Company except the breach of contract claim.

Plaintiff began his employment with the Company on March 2, 2015, as an on-air personality for KLIF-FM.  Petition at ¶ 9.  Plaintiff applied for the Program Director position on or around November 12, 2015.  *Id.* at ¶ 12.  The Program Director is responsible for setting the overall sound, strategy and vision of the radio station.  Plaintiff interviewed for the position, but was not selected.  *Id.* at ¶ 11.  Instead, the Company hired Krammerer, who became Plaintiff's supervisor.  *Id.* at ¶ 10.  On April 14, 2016, during a disciplinary meeting with Dan Bennett and Dustin Krammerer, Plaintiff left abruptly and did not perform his shift that day.  *Id.* at ¶¶ 13, 14.  Plaintiff did not return to work the next day and his employment was subsequently terminated. *Id.* at ¶¶ 9, 15, 19.

On April 18, 2016, just three days after he was terminated, Plaintiff duly filed a Charge of Discrimination ("Charge") with the Texas Workforce Commission Civil Rights Division ("TWC") and the Equal Employment Opportunity Commission ("EEOC").  *Exhibit A*.  In the Charge, Plaintiff alleges he was discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, only because he "*was denied a promotion.*"  *Id.* (emphasis added). Plaintiff states the reason for the alleged adverse action was, "Dan Bennett, Regional Vice President . . . did not think I was ready yet . . . ."  *Id.*  Plaintiff's Charge does not allege: (1) wrongful termination based on race discrimination; or (2) retaliation – two of the allegations he makes in his Original Petition.  *See* Petition at ¶¶ 20-33.  Because Plaintiff presents those theories for the first time without exhausting the required administrative remedies, the Court should dismiss Plaintiff's discrimination and retaliation claims on that basis alone.  Moreover, the Court should dismiss the discrimination and retaliation claims against Krammerer because Plaintiff cannot bring TCHRA claims against a supervisor.  Similarly, Plaintiff has failed to

allege viable causes of action for intentional infliction of emotional distress and tortious interference.  Because, as demonstrated below, these pleading deficiencies are fatal and incurable, the Court should dismiss with prejudice Plaintiff's TCHRA claims and his causes of action for intentional infliction of emotional distress, intentional interference with contract, and intentional interference with business relations.

## II.    STANDARD FOR DISMISSAL

A motion to dismiss filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject-matter jurisdiction of the federal district court.  *See* FED. R. CIV. P. 12(b)(1). "A case is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  *See Blanchet v. Chevron/Texaco Corp.*, 368 F. Supp. 2d 589, 594 (E. D. Tex. 2004) (citing *Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).  "In ruling on a motion to dismiss for lack of subject-matter jurisdiction, a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Den Norske Stats Oljeselskap As v. HeereMac V.O.F.*, 241 F.3d 420, 424 (5th Cir. 2001), *cert. denied*, 534 U.S. 1127 (2002) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

A motion to dismiss under Rule 12(b)(6) challenges whether the allegations in the pleadings are sufficient to state claims for relief.[2]  Rule 12(b)(6) allows a court to eliminate

---

[2] "[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim," and thus the court can consider such documents in ruling on a motion to dismiss.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) (quotation omitted).  A plaintiff's EEOC charge is central to the claim.  *See Carter v. Target Corp.*, 541 F. App'x 413, 417 (5th Cir. 2013).  "Moreover, a court may take judicial notice of EEOC documents as a matter of public record when deciding a Rule 12(b)(6) motion."  *Prewitt v. Cont'l Auto.*, 927 F. Supp. 2d 435, 447–48 (W.D. Tex. 2013) (citing *Cinel v. Connick,* 15 F.3d 1338, 1343 n. 6 (5th Cir.1994)); *see also King v. Life Sch.,* 809 F. Supp. 2d

actions which are fatally flawed in their legal premises and destined to fail, thus sparing the litigants the burdens of unnecessary pretrial and trial activity.  FED. R. CIV. P. 12(b)(6); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  The *Twombly* and *Iqbal* decisions prescribe a two-step process for analyzing the sufficiency of a Complaint.  First, the Court should identify the allegations in the Complaint that are not entitled to the assumption of truth.  In particular, the Court must disregard "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Second, the Court must consider the remaining factual allegations in the Complaint to determine if they plausibly suggest an entitlement to relief.  Facts that are merely consistent with a defendant's liability "stop[] short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557; *Iqbal*, 556 U.S. at 678.  Rather, "factual allegations must be enough to raise a right to relief ***above the speculative level***." *Twombly*, 550 U.S. at 555 (emphasis added).  Otherwise, the defendant does not have the required "fair notice of what the … claim is and the grounds upon which it rests." *Id.*

### III.     ARGUMENT AND ANALYSIS

**A.     The Court should dismiss Plaintiff's race discrimination and retaliation claims under the TCHRA.**

       *1.     Plaintiff failed to exhaust his administrative remedies regarding his race discrimination and retaliation claims.*

The TCHRA establishes a comprehensive administrative review system for individuals to obtain relief from unlawful employment practices, including discrimination, retaliation and harassment.  *See* Tex. Lab. Code 21.001 *et seq.*  Before a party seeking relief under the TCHRA

---

572, 579 n. 1 (N.D. Tex. 2011) ("Even though the EEOC charge is a matter outside the pleading, judicial notice of it may be taken as a matter of public record when deciding a Rule 12(b)(6) motion.").  Accordingly, courts will consider EEOC charges attached to a defendant's motion to dismiss for purposes of determining whether the plaintiff exhausted his administrative remedies. *See, e.g., Carter*, 541 F. App'x at 417.

can file a lawsuit in court, he first must exhaust his administrative remedies by filing a charge of discrimination or retaliation with the TWC that asserts the allegations on which his lawsuit will be based. *See* Tex. Lab. Code § 21.202; *see also Hernandez v. Belt Con Const., Inc.,* No. EP-15-CV-00153-FM, 2015 WL 5542502, at *5 (W.D. Tex. Sept. 18, 2015) (citing *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 (Tex. 2010) ("Chapter 21 claims 'require[ ] an exhaustion of administrative remedies that begins by filing [an administrative] complaint.'"). A charge must be in writing under oath or affirmation. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 272 (5th Cir. 2008).

Causes of action filed under the Texas Labor Code may raise only the specific allegations made in the employee's administrative complaint, and "any kind of discrimination like or related to the charge's allegations." *Ellis v. Educational Com'n for Foreign Medical Graduates*, No. Civ. Action H-14-2126, 2015 WL 3866728, at *8 (S.D. Tex. June 23, 2015), citing *University of Texas v. Poindexter*, 306 S.W.3d 798, 807 (Tex. App.—Austin 2009, no pet.), quoting *Elgaghil v. Tarrant County Junior College*, 45 S.W.3d 133, 141 (Tex. App.—Fort Worth 2000, pet. denied). "[T]he crucial element of a charge of discrimination is the factual statement contained therein." *Manning v. Chevron Chemical Co., LLC*, 332 F.3d 874, 879 (5th Cir. 2003). Further, allegations of discrimination in an administrative charge do not exhaust a plaintiff's administrative remedies with respect to a claim of retaliation. *Lavigne v. Cajun Deep Foundations, L.L.C.*, 654 F. App'x 640, 648 (5th Cir. 2016) (citing *Bouvier v. Northrup Grumman Ship Systems, Inc.*, 350 F. App'x 917 (5th Cir. 2009) ("We have previously recognized that discrimination and retaliation are distinct, and the allegation of one in an EEO charge does not exhaust a plaintiff's remedies as to the other.")).

      *a.*    *The Court should dismiss Plaintiff's race discrimination claim.*

In his Original Petition, Plaintiff bases his discrimination claim on the allegation that "Plaintiff was wrongfully terminated from his employment with Defendant . . . because of his race." Petition at ¶ 27. Plaintiff did not properly exhaust this claim with the EEOC/TWC before raising it in this lawsuit, and thus the Court should dismiss it.

The only claim that Plaintiff exhausted in his Charge was national origin discrimination—not race discrimination—and he based it solely on the denial of "a promotion to the position of Program Director." *Exhibit A* (Charge). Plaintiff's Charge says nothing at all about his termination. Indeed, although Plaintiff filed his Charge three days after his termination on April 15, 2016, the Charge asserts that Plaintiff only suffered discrimination on "01-04-2016." *Id.* Because Plaintiff's race discrimination claim under the TCHRA does not encompass the facts and issues on which he based his Charge, Plaintiff "failed to exhaust his administrative remedies as to that claim," and the Court should dismiss it. *Luna v. Lockheed Martin Corp*., 54 F. App'x 404, 404 (5th Cir. 2002); *see also Patt v. Sweetheart Cup,* 46 F. App'x 225, 225 (5th Cir. 2002) (holding that plaintiff failed to exhaust administrative remedies when he filed suit alleging "incidents that were not complained of in his EEOC charge"); *Fine v. GAF Chem. Corp.,* 995 F.2d 576, 578 (5th Cir. 1993) (holding that plaintiff's claims must be limited to "the scope of the EEOC investigation which could reasonably grow out of the administrative charge").

      *b.*    *The Court should dismiss Plaintiff's retaliation claim.*

The Court should also dismiss Plaintiff's retaliation claim for failure to exhaust his administrative remedies. In his Charge, Plaintiff only checked the box alleging he was discriminated against on the basis of his national origin. *Exhibit A* (Charge). He did not select the box indicating retaliation, nor did he allege any facts pertaining to retaliation. *See id.* In fact,

Plaintiff provided one sentence explaining the reason for adverse action: "I was informed by Dan Bennett, Regional Vice President Dallas/Houston, my non-selection was because he did not think I was ready yet; and I would have to Learn Stratus and other Cumulus Systems." *Id.*  But in his lawsuit, Plaintiff now asserts retaliation against both Defendants, and he bases that claim on a variety of alleged retaliatory actions ("Defendants locked Plaintiff out of the building and out of his work email on Thursday [April 14, 2016], returned all of Plaintiff's belongings to him when he only requested two items, and ultimately, discharged Plaintiff")—none of which were mentioned in his Charge.  Petition at ¶ 30.  Plaintiffs complete "failure to reference retaliation in the EEO charge defeats [his] retaliation claim." *Bouvier*, 350 F. App'x at 921.  Because Plaintiff neither checked the box alleging retaliation nor asserted any facts relevant to a claim of retaliation, the Court should dismiss his retaliation claim under the TCHRA for failure to exhaust administrative remedies. *See Frazier v. Sabine River Auth. La.*, 509 F. App'x, 370, 373-374 (5th Cir. 2013) (per curiam).

> ### c.   *Plaintiff cannot cure the fatally deficient TCHRA claims.*

Plaintiff cannot cure the fatal pleading deficiencies in his TCHRA discrimination and retaliation claims because the window for raising those claims with the EEOC/TWC has closed. "To state a claim under the TCHRA, a plaintiff must file a charge of discrimination with the EEOC or the [TWC] within 180 days of the discriminatory act." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278–79 (5th Cir. 2004).  Plaintiff was terminated on April 15, 2016.  Thus, to properly exhaust the discrimination and retaliation claims he now raises in this lawsuit, Plaintiff must have raised them with the EEOC or TWC by October 12, 2016, which he failed to do.  As a result, the Court should dismiss with prejudice Plaintiff's TCHRA claims for failure to exhaust his administrative remedies.

> **2.** ***The Court should dismiss Plaintiff's TCHRA claims against improperly-joined-Defendant Krammerer because TCHRA does not support claims against individual supervisors.***

In addition to dismissing the TCHRA claims for failure to exhaust administrative remedies, the Court should also dismiss those claims against Krammerer because supervisors and managers cannot be individually liable for alleged acts of discrimination or retaliation under the TCHRA. *See City of Austin v. Gifford*, 824 S.W.2d 735, 742 (Tex. 1992) ("The [TCHRA] does not create a cause of action against supervisors or individual employees."); *Jenkins v. Guardian Indus. Corp.*, 16 S.W.3d 431, 439 (Tex. App.—Waco 2000, writ denied) ("supervisors and managers are not liable in their individual capacities for alleged acts of discrimination under the TCHRA"); *Sibley v. Kaiser Found. Health Plan*, 998 S.W.2d, 399, 405 (Tex. App.—Texarkana 1999, no writ) (holding supervisor cannot be personally liable for any alleged acts of discrimination or retaliation under the TCHRA); *Benavides v. Moore*, 848 S.W.2d 190, 198 (Tex. App.—Corpus Christi 1992, writ denied) ("Supervisors and managers are not liable under the Texas Human Rights Act.").

Federal courts in this circuit routinely dismiss TCHRA claims against individual defendants on this basis. *See, e.g., Williams v. Merck & Co.*, 381 F. App'x 438, 440 (5th Cir. 2010) (finding improper joinder of individual defendant because the TCHRA "only provides a cause of action against employers—not supervisors or co-workers"); *Medina v. Ramsey Steel Co., Inc.,* 238 F3d 674, 686 (5th Cir. 2001) (dismissing TCHRA discrimination claims because "supervisors and managers are not considered employers under the Texas Labor Code and, therefore, are not individually liable"); *DeSola v. Mednax, Inc.*, No. 4:16-CV-750-A, 2016 WL 5080090, at *1 (N.D. Tex. Sept. 16, 2016) (noting "prohibition on [TCHRA] suits against supervisors and managers"); *Jackson v. Assocs. Credit Card Servs., Inc.*, 2002 WL 742602 at *2

(N.D. Tex. Apr. 25, 2002) (holding TCHRA claims "cannot proceed against the Defendants in their individual or official capacities").

Because the TCHRA does not permit discrimination or retaliation claims against individual supervisors, the Court should dismiss Plaintiff's claims of retaliation and discrimination against improperly-joined-defendant Krammerer.

**B.    The Court should dismiss Plaintiff's claims for intentional infliction of emotional distress Defendants.**

Plaintiff improperly alleges intentional infliction of emotional distress ("IIED") against both Defendants based on the same underlying facts as his racial discrimination and retaliation claims. Petition at ¶ 34. Under Texas law, a plaintiff may not bring an IIED claim when other statutory remedies are available for the underlying conduct. *See, e.g., Paula Longoria v. City of Dallas, Texas,* No. 3:14-CV-3111-L, 2017 WL 958605, at *8 (N.D. Tex. Mar. 13, 2017). To recover for the tort of IIED, the plaintiff must establish (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct is extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) that the emotional distress suffered by the plaintiff was severe. *Hoffman-La-Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004); *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998). But IIED cannot be maintained as a separate cause of action unless "the victim has no other recognized theory of redress." *Zeltwanger*, 144 S.W.3d. at 447.

The Texas Supreme Court has made clear that the tort of IIED is a "gap-filler" tort that should not be extended to circumvent the limitations placed on the recovery of mental anguish damages under more established statutory or common-law remedies. *See Creditwatch v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005) (tort of IIED is merely a "gap-filler" not intended to supplant existing statutory or common-law remedies). Because other statutory remedies are

available to Plaintiff against the Company—indeed, he has asserted such remedies under the TCHRA—there is no gap to fill with an independent IIED claim against the Company. *See id.* at 816. Texas courts have routinely barred IIED claims when based on the same underlying facts that support a plaintiff's other claims. *See Judy Chou Chiung–Yu Wang v. Prudential Ins. Co.,* 439 F. App'x 359, 366 (5th Cir. 2011) (plaintiff who could and did bring other tort and employment claims had "no gap to fill" and could not bring claim of intentional infliction of emotional distress); *see also Pruitt v. Int'l Ass'n of Fire Fighters,* 366 S.W.3d 740, 750 (Tex. App.—Texarkana 2012, no pet.) (intentional infliction of emotional distress based on same facts as race discrimination complaint pre-empted by Chapter 21 of Texas Labor Code).

### 1.   *Plaintiff's IIED claim invokes same facts as underlying statutory claims.*

Plaintiff has not even attempted to distinguish the conduct supporting his IIED claim from the conduct supporting his statutory workplace claims. Petition at ¶ 34 (Plaintiff incorporates the preceding facts). Plaintiff is thus "attempting impermissibly to predicate [his] IIED claim on the same conduct which underpins" his discrimination and retaliation claims. *Muniz v. El Paso Marriott*, 2009 WL 4878619, at *3 (W.D. Tex. Dec. 8, 2009). In other words, the "gravamen" of Plaintiff's IIED claim is discrimination and retaliation, and he invokes the same facts to allege discrimination and retaliation that he relies on to allege IIED. *See Swafford v. Bank of Am. Corp.*, 401 F. Supp. 2d 761, 764 (S.D. Tex. 2005); *see also Phillips v. United Parcel Serv.*, 2011 WL 2680725, at *14 (N.D. Tex. June 21, 2011) ("Since Plaintiff relies on the same alleged conduct as part of her discrimination, harassment, and retaliation claims, her claim of [IIED] is preempted."), *adopted at*, 2011 WL 2678949 (N.D. Tex. July 8, 2011), *aff'd*, 485 F. App'x. 676 (5th Cir. 2012), *cert. denied*, 133 S.Ct. 1588 (2013). Accordingly, Defendants are entitled to dismissal of this claim on this basis alone.

2.       *Plaintiff cannot maintain an IIED claim against his former supervisor.*

Furthermore, Plaintiff cannot bring an IIED claim against his former supervisor, Krammerer, because other statutory remedies exist against Plaintiff's former employer and Plaintiff bases the IIED claim on the same conduct underlying his other causes of action.  *See Mercer v. Arbor E & T*, 2012 WL 1425133, at *10 (S.D. Tex. Apr. 21, 2012) (employees' "IIED claims **against supervisors are precluded** when there are other statutory remedies available against the employer.") (emphasis added) (citing cases); *see also Muniz*, 2009 WL 4878619, at *3.  ("Under Texas law, a claim for IIED is not available against an employee's supervisor if the same alleged conduct supports a claim for relief against an employer under other legal theories, such as the anti-discrimination statutes."); *Rawlings v. Travelers Prop. Cas. Ins. Co.*, 2008 WL 2115606, at *4 (N.D. Tex. May 20, 2008) ("[A] plaintiff cannot bring a claim for [IIED] against a **defendant supervisor** where the plaintiff could bring a state statutory claim or other tort claim against **plaintiff's employer** based on the same conduct alleged.  Accordingly, for Plaintiff to have stated a claim on which she has a reasonable bases of recovery against … her former supervisor, Plaintiff's IIED claim cannot be based on facts that could form the basis of any workplace harassment or discrimination claim **at all**, even an action solely against her employer." (emphasis added) (citations omitted)).

Even assuming Plaintiff could bring an IIED claim against the Company and Krammerer, which he cannot, Plaintiff's allegations fail to meet the required pleading standard because the Petition does not allege conduct that was "extreme and outrageous."  In *Creditwatch,* a post-termination eviction case, the Texas Supreme Court addressed the proper standard for bringing a viable IIED claim:

> Assuming all this is true, it was callous, meddlesome, mean-spirited, officious, overbearing, and vindictive – but not 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and be guarded as

> atrocious, and utterly intolerable in a civilized community.' . . . Intentional infliction claims cannot be used 'to circumvent the limitations placed on the recovery of mental anguish damages under more established tort doctrines.' . . . [E]xept in circumstances bordering on serious criminal acts, we repeat that such acts will rarely have merit as intentional infliction claims."

157 S.W.3d 814, 817-18 (Tex. 2005).  Nothing in Plaintiff's allegations even remotely rises to the level of "bordering on serious criminal acts" or even callous, mean-spirited or vindictive acts. Indeed, Plaintiff uses the same allegations to support his IIED claim as he relies on for his discrimination and retaliation claims—namely, a workplace disciplinary meeting, being locked out of company emails and the company premises after Plaintiff walked out of a meeting, returning all belongings to Plaintiff, terminating his employment, and allegedly improperly portraying "Plaintiff as being out of control and temperamental."  Petition at ¶ 54.  Texas law is clear that such allegations are insufficient to support a claim for IIED.  *See Creditwatch*, 157 S.W.3d at 816-18; *Zeltwanger*, 144 S.W.3d at 447; *see also, Swafford* 401 F. Supp. 2d at 764; *Phillips*, 2011 WL 2680725, at *14; *Rawlings*, 2008 WL 2115606, at *4.

Plaintiff thus cannot maintain a cause of action against the Company or Krammerer for IIED under Texas Law and the Court should dismiss that claim.

## C.    The Court should dismiss Plaintiff's tortious interference claims against Krammerer.

Plaintiff also asserts claims against Krammerer for tortious interference with a contract and tortious interference with existing business relations.  Neither claim presents a possibility of recovery for Plaintiff.

The elements of tortious interference with contract are: (1) the existence of a contract, (2) willful and intentional interference, (3) interference that proximately caused damage, and (4) actual damage or loss.  *Powell Indus., Inc. v. Allen,* 985 S.W.2d 455, 456 (Tex. 1998).  "When the defendant is both a corporate agent and the third party who allegedly induces the

corporation's breach, the second element is particularly important." *Id.* at 456-57.  To maintain a tortious interference claim against a corporate agent, Plaintiff must show that the agent acted "willfully and intentionally to serve the agent's ***personal interests at the corporation's expense.***" *Mumfrey v. CVS Pharmacy, Inc.,* 719 F.3d 392, 402-403 (5th Cir. 2013).  Even mixed motives are insufficient.  *Id.*  "If a corporation does not complain about its agent's actions, then the agent cannot be held to have acted contrary to the corporation's interests."  *Id.* at 403 (citing *Powell*, 985 S.W.2d at 457).

To support his tortious-interference-with-contract claim, Plaintiff merely alleges that Krammerer "intentionally interfered with the Contract by portraying Plaintiff as being out of control and temperamental to the General Manager." *See* Petition at ¶ 48.  Plaintiff's allegations—even if true—do not contend that Krammerer was acting to serve his own personal interest.  Furthermore, Plaintiff never alleges that the Company complained about Krammerer's actions or took any other steps that could be construed to mean that Krammerer "acted contrary" to the Company's interests.  *Mumfrey* 719 F.3d at 403.  Accordingly, the Court must dismiss Plaintiff's claim for tortious interference with contract against Krammerer.

Likewise, Plaintiff's claim against Krammerer for tortious interference with existing business relations fails.  "Interference with a business relationship is similar to the tort of contract interference." *Am. Med. Int'l, Inc. v. Giurintiano*, 821 S.W.2d 331, 335 (Tex. App.—Houston [14th Dist.] 1991, no writ).  In order to prevail on his claim against Krammerer for tortious interference with an existing business relationship, "Plaintiff must prove . . . (1) unlawful actions undertaken without justification or excuse; (2) with intent to harm; (3) actual damages; and (4) the actions were motivated by malice." *McGowan & Co., Inc. v. Bogan*, 93 F.Supp.3d 624, 655 (S.D. Tex. 2015) (citing *Apani Sw., Inc. v. Coca-Cola Enters., Inc.*, 300 F.3d 620, 634 (5th Cir. 2002); *Adrain v. Genetec Inc.*, No. 2:08-CV-423, 2009 WL 3161386, at *3 (E.D. Tex.

Sept. 30, 2009)); *see also CF& I Steel Corp. v. Pete Sublett & Co.*, 623 S.W.2d 709, 715 (Tex. Civ. App.—Houston [1st Dist.] 1981, writ ref's n.r.e.).

Plaintiff alleges Krammerer "falsely accused Plaintiff of making threats and causing a scene" and portrayed Plaintiff as "being out of control and temperamental." Petition at ¶ 54. Plaintiff's allegations fail to even mention malice, and thus his claim of tortious interference with business relations fails on that basis alone.

His claim also fails because the parties to an ongoing business relationship cannot interfere with their own relationship or contract as a matter of law. *Holloway v. Skinner*, 898 S.W.2d 793, 794-96 (Tex. 1995). Only a third party who is an outsider to the business relationship can be liable for tortious interference.[3] *Am. Med. Int'l, Inc. v. Giurintano*, 821 S.W.3d 331, 335 (Tex. App.—Houston [14th Dist.] 1991, no writ). Because a corporation's agents, including its employees, share its legal identity, corporate employees such as Krammerer generally cannot be held personally liable for tortious interference with their employers' business relations. *Id.* at 335. An employee can be held personally liable only if he acts wholly beyond his authority and purely to further personal objectives. *Id.* at 335-36. An employee who is acting within the course and scope of his employment is, as a matter of law, immune from liability for tortious interference with his employer's business relations. *Crawford v. Charles Schwab & Co.*, 2009 WL 3573658, at *4 (N.D. Tex. Oct. 30, 2009).

Plaintiff's Petition is completely devoid of any allegations that Krammerer, as the Program Director, was acting outside the course and scope of his employment. That pleading deficiency, along with Plaintiff's failure to allege any malice on the part of Krammerer or that he

---

[3] Plaintiff is imprecise in the way he uses the term "Defendant" when describing the allegations on which he bases his tortious-interference claims in the Petition. Defendants interpret the Petition to only allege tortious-interference claims against Krammerer, but to the extent Plaintiff intends to bring them against the Company, the Court should dismiss those claims because the Company cannot interfere with its own contract or business relations as a matter of law. *Holloway*, 898 S.W.2d at 795 ("a party cannot tortiously interfere with its own contract").

acted in his personal interest, demonstrate that Plaintiff cannot maintain either cause of action for tortious interference against Krammerer, and the Court should dismiss those claims.

## IV.    CONCLUSION

For all the reasons stated herein, Defendants respectfully request that the Court grant their motion in full and dismiss with prejudice all of Plaintiff's causes of action against Krammerer, and all claims except the breach of contract claim against the Company. Defendants also request any further relief to which they may be entitled.

Respectfully submitted,

*/s/ Gavin S. Martinson*
Gavin Martinson
State Bar No. 24060231
Gavin.Martinson@ogletreedeakins.com
Jeff T. Leslie
State Bar No. 24091294
Jeff.Leslie@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8117 Preston Road, Suite 500
Dallas, TX 75225-4324
Telephone: 214-987-3800
Facsimile:  214-987-3927

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that on November 17, 2017, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system of filing, which will transmit a Notice of Electronic Filing to all counsel of record and via certified mail, return receipt requested to all counsel of record.

*/s/ Gavin S. Martinson*
Gavin S. Martinson